ANDREW STEENERSON v. BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY.[1]

June 11, 1897.

Nos. 10,554—(124).

**Sheriff—Mileage.**

Where a sheriff has in his hands for service several writs against different persons, for different causes, and makes service of two or more writs in the course of one trip, he is entitled to charge full mileage on each writ so served.

**Same—Service of Bench Warrants.**

G. S. 1894, § 6021, reads as follows: "Any officer or other person refusing to deliver a copy of any order, warrant, process or other authority by which he detains any person, to any one who demands such copy, and tenders the fees thereof, shall forfeit two hundred dollars to the person so detained." *Held*, that a sheriff's fees for serving copies of bench warrants upon persons named as defendants therein were not legally chargeable against the county, under this provision of the statute.

[1] Reported in 71 N. W. 687.

Appeal by plaintiff from a judgment of the district court for Polk county, Ives, J., entered in his favor for the sum of $174.63. Reversed.

H. *Steenerson* and *W. E. Rowe*, for appellant.

L. E. *Gossman*, for respondent.

BUCK, J. This action was brought by the sheriff of Polk county against the board of county commissioners of said county to recover fees which he alleged were due him as such sheriff for services rendered in serving bench warrants. A part of the fees claimed were allowed, but two items were disallowed, by the trial court; they also having been disallowed by the board of county commissioners when presented to it by the plaintiff. The case was submitted to the trial court on an agreed statement of facts.

The first question presented arises upon the claim for mileage in serving 74 bench warrants in traveling 3,182 miles. Each bench warrant was issued against one individual, and in making service upon all of them the plaintiff made 13 distinct trips, and charged for each bench warrant full mileage, although he served from 3 to 11 on each trip to the village where the persons named in the bench warrant resided. The trial court ruled that the plaintiff was entitled to recover only one mileage for all of the bench warrants served upon each trip. G. S. 1894, § 5550, provides that the sheriff shall receive as fees for traveling in making any service upon any writ or summons 10 cents per mile for going and returning, to be computed from the place where the court is usually held. This writ or bench warrant comes within this provision. This section further provides that the sheriff shall receive for summoning grand or petit jurors 50 cents for each juror summoned, and mileage at 15 cents per mile for the number of miles necessarily traveled in summoning the panel. It also further provides that he shall receive for serving subpœnas 50 cents for each witness summoned, and mileage as in service of a summons; but, when two or more witnesses live in the same direction, mileage shall be charged only for the furthest.

Now, it is difficult to understand why the two latter clauses referred to restrict the sheriff's compensation, and omit it as to the

first one in question, unless it was intended to allow him mileage upon each writ when he has served several writs against different persons in distinct causes, although he traveled the same route at the same time in making such service.    We can here apply the familiar maxim that "the mention of one limitation upon the officer's right to mileage should be deemed the exclusion of the other."    In the paragraph restricting the charges to 50 cents for each juror summoned, the mileage is increased 5 cents per mile over that for serving a writ or summons, and is 50 cents less for service of the summons than for service of a writ or summons in other cases, and the miles traveled for which he can draw pay are restricted to those which he necessarily travels in summoning the panel.    There are a large number of jurors in each panel, and the fee charged for each, with the increased fee as mileage, makes a reasonable compensation, and he is therefore restricted to the mileage necessarily traveled in summoning the whole panel.    The language expressly limits his charges, and he could not charge for each trip in summoning each juror separately, unless each lived in an entirely different direction from the others.    Where two or more, or all, could be summoned by making one trip, he could only charge for such trip at the rate of 15 cents per mile.

In the case at bar there is no pretense that more than one defendant was named in each writ, or that his name could be properly inserted in each bench warrant.    The offenses do not appear to have been jointly committed, and the writs were against entirely different persons.    We are not aware of any law which would compel the sheriff to make the arrest or serve the bench warrant upon more than one defendant during one or the same trip.    The number of trips which he was entitled to make was a matter of his own choosing, and there is no authority anywhere, either in the board of county commissioners, the trial court, or the law, to make him serve more than one warrant at a time.    The impracticability of serving 74 criminal warrants at one time upon as many different defendants shows the absurdity of making only one trip for such purpose.    If he was entitled to arrest each one at a time, and make a single trip for that purpose, and to charge mileage for each trip, as we think he was, then it was discretionary with him as to

how many trips he would make to arrest the 74 defendants, and to charge mileage for each trip according to the number of persons arrested, whether it was one or more, or the entire number of 74.

Subpœnas are put upon a different footing from the service of a criminal warrant. There is no arrest in such cases. There is no danger, trouble, or expense, as is frequently the case where a sheriff in a criminal case serves a warrant and arrests the defendant. Several witnesses' names can frequently be put in one subpœna, and the sheriff gets pay for service upon the furthest. The fair construction of this section of the statutes is that it intends, concerning the compensation of the sheriff, where he has in his hands for service several writs against different persons for different causes, and makes service of two or more of such writs in the course of one trip, making travel to the most remote point of service, that he is entitled to charge full travel on each writ so served. The great weight of authority is to this effect.

In the case of U. S. v. Harmon, 147 U. S. 268, 13 Sup. Ct. 327, the question was presented for review upon Rev. St. U. S. § 829, cl. 25, which reads as follows:

"For travel, in going only, to serve any process, warrant, attachment, or other writ, including writs of subpœna in civil and criminal cases, six cents a mile, to be computed from the place where the process is returned to the place of service, or, when more than one person is served therewith, to the place of service which is most remote, adding thereto the extra travel which is necessary to serve it on the others. But when more than two writs of any kind required to be served in behalf of the same party on the same person might be served at the same time, the marshal shall be entitled to compensation for travel on only two of such writs."

That court, in construing this section, said:

"The general rule prescribed by Rev. St. § 829, cl. 25, allows the marshal 'for travel, in going only, to serve any process, warrant, attachment, or other writ, including writs of subpœna in civil or criminal cases, six cents a mile. * * * The explanatory or restrictive provisions as to the cases of two persons served with the same precept, and of more than two writs in behalf of the same party against the same person, emphasizes the general rule, and confirm its application to several precepts against different persons for different causes, although served at the same time. * * * The

United States rely on the act of February 22, 1875, c. 95, § 7, which, after providing that all accounts of attorneys, marshals, and clerks for mileage and expenses shall be audited, allowed, and paid as if the act of June 16, 1874, c. 285, had not been passed, further provides that 'no such officer or person shall become entitled to any allowance for mileage or travel not actually and necessarily performed under the provisions of existing law.'[2] We concur in the opinion of Attorney General Devens that this last provision, which manifestly includes marshals, does not deny a marshal full travel on two or more writs in his hands at the same time, and served at the same place on different persons, inasmuch as his travel is actual and necessary to serve each and every of those writs, but that 'that provision was intended to apply to cases in which no actual travel is performed in serving process, as, for instance, where the writ is sent through the mail, to be served by a deputy at or near the place of service.' "

In the case of U. S. v. Fletcher, 147 U. S. 664, 13 Sup. Ct. 434, it was held that a marshal may charge mileage upon as many writs as he may have in his hands against different petrsons  In the case of Campbell v. U. S., 13 C. C. A. 128, 65. Fed. 777, the court, referring to the United States statute quoted, said, at page 133:

"The provisions of this statute, that in cases where the marshal has several writs against the same person that might be served at the same time, he shall recover mileage on but two writs, leaves no doubt but that he is entitled to mileage upon each writ when he has served several writs against different persons in distinct causes."

In the case of Gulf v. Dawson, 69 Tex. 519, 7 S. W. 63, it was held that a sheriff charging for service of process can only rightfully charge for the distance actually traveled in any case, but is entitled to charge the amount specified in the statute for each writ, though he may serve a number in making one trip.  When two or more persons are mentioned in the same writ, he can charge but for one mileage.  This was said in regard to a statute which provided for sheriff's fees as follows:

"For travelling in the service of any civil process sheriffs and constables shall receive five cents for each mile going and coming; if two or more persons are mentioned in the writ he shall charge for

2 18 Stat. 334.

68 M—33.

the distance actually and necessarily travelled in the service of the same."[3]

The court further said:

"This language is plain, and we do not think it difficult of construction. The sheriff can only rightfully charge for the distance actually and necessarily traveled in any case, but he is entitled to charge this for each writ, though he may serve more than one upon the same trip. This is shown by the latter clause of the provision, which applies to a case where 'two or more persons are mentioned in the same writ.' Then he can have but the one mileage, if all the persons be served at the same place. If, after service upon one, it be necessary to serve the additional parties or witnesses, he is to be allowed for the travel necessary for the first service, and such other additional travel as is required in order to execute his process, and for no more. This is the only restriction. If any other had been intended, no reason is seen why that intention was not clearly expressed. By the application of a familiar maxim, the mention of one limitation upon the officer's right to mileage should be deemed the exclusion of any other."

In the case of Sherman v. County, 59 Cal. 483, it was held that, under the provisions of the act to regulate fees of office, the sheriff was entitled to charge mileage for each service in all cases except those specified in the proviso. The act referred to reads as follows:

"For every mile necessarily travelled, in going only, in executing any warrant of arrest, subpœna, or venire, bringing up a prisoner on habeas corpus, taking prisoners before a magistrate or to prison, or for mileage in any criminal case or proceeding; provided, that in serving a subpœna or venire, where two or more jurors or witnesses live in the same direction, but one mileage shall be charged, thirty cents."[4]

In McGee v. Dillon, 103 Pa. St. 433, it was held that where, in several different suits, the defendants lived close together, so that all were served in one trip, the sheriff is entitled to mileage in each case. The statute provided that the officer should receive "traveling expenses in all cases for each mile circular, six cents." In the case of Evans v. State, 85 Tenn. 269, it was held that the sheriff

[3] Texas R. S. 1879, § 2396.          [4] California G. S. 1873, § 739, (p. 422).

was entitled to compensation for each criminal removed from one county to another without reference to the number of trips required or taken in the removal. This ruling was made with reference to a statute which provided that the sheriff should receive for moving a criminal from one county to another 10 cents per mile, going and returning.

If only fees for making one trip were allowed where there are many different parties, it would be quite inconvenient, if not impracticable, for the officer to apportion his fees. Suppose the 74 bench warrants had been served upon each one of the 74 defendants during one trip, and only one fee charged, could the sheriff elect as to which one of the 74 should be charged with the fee for such trip, or should he divide the fee into 74 different parts? Under G. S. 1894, § 5513, in all criminal actions, upon conviction of the defendant, the court may, in its discretion, in addition to the punishment prescribed, and as part of the sentence to be pronounced, adjudge that the defendant shall pay the whole or any part of the costs and disbursements. We are not willing to concede that the sheriff has such power of election as to defendants against whom he may seek to charge part or all of his fees.

Costs in criminal proceedings are not to be imposed at the whim, caprice, hate, or favoritism of the sheriff. The statute lays down the guide in the matter of taxing costs, and it is not left to the discretion of the sheriff as to the manner they shall be apportioned. Neither he nor any other officer or board has a right to divide out as many parts as there are defendants, so that the same may be made a part of the judgment to be entered against such defendants. There is no privity of contract between separate defendants in civil suits, as there could be none in criminal actions. To allow the sheriff to elect or apportion the costs where service is made upon many defendants might lead to gross injustice. A greater proportion might be charged against one defendant than against the other, or he might elect to charge all or nearly all against the defendant first served, and not charge the others any fee at all. He ought not to be permitted to discriminate or elect or apportion, and the law can be best enforced by the construction which we put upon it, viz. that where the sheriff has in his hands for service sev-

eral writs against different persons for different causes, and makes service of two or more writs in the course of one trip, he is entitled to charge full mileage on each writ so served. Upon this point, therefore, the trial court ruled erroneously.

Upon the other question, however, as to the sheriff charging for each copy of the bench warrant served, the court ruled correctly. There is no authority in the law for making any such charge. G. S. 1894, c. 105, defines the meaning of the word "arrest." It is the taking of a person into custody, that he may be held to answer for a public offense, and is accomplished by an actual restraint of the person of the defendant, or by his submission to the custody of the officer; and the officer is required to inform the defendant that he acts under the authority of the warrant, and show the warrant, if required. We have not been able to find any authority where, at common law or under the statute, the officer was required to serve a copy of the warrant in a criminal case, unless in some instances where, upon request of the defendant, and tendering the fees therefor, the officer was obliged to furnish such copy by virtue of the statute. The proper execution of a warrant in a criminal case does not include in the service thereof, as part of such service, the obligation to deliver to the defendant a copy of the warrant, unless he demands it, and then he must pay for it the legal fee.

It is proper and necessary, under our statute, for an officer with a warrant to make known his character as an officer, if required by the defendant, and not leave the party in suspense as to whether he has been legally arrested by an officer or assailed by a wrong-doer. Generally the official character of the officer is presumed to be known by the party arrested, but, whether known or unknown, the officer must disclose his authority, if required by the person arrested. Of course, there are many occasions when a person may be arrested by an officer or private person without any warrant at all, as, for instance, where a public offense is attempted or committed in the presence of the officer or a private person, and where felony has been committed, although not in the presence of the officer or private person, he may arrest without warrant. It has been deemed wise that such power of arrest should exist, for the safety and welfare of the public, but, as no warrant is required or used in such instances, of course no copy could be furnished;

but the officer or person making such arrest must, before doing so, inform the person to be arrested of the intention to do so, and of the cause thereof, and require him to submit, except he is in the actual commission of the offense. The rule is therefore almost universal that an arrest upon a criminal warrant may be made by an officer without serving a copy of such warrant upon the person to be arrested, unless the statute provides otherwise.

But the appellant contends that under G. S. 1894, § 6021, the officer is bound to deliver a copy of the warrant to the person arrested, and hence he is entitled to charge for the same. This section is found in the act relating to the writ of habeas corpus, and reads as follows:

"Sec. 6021. Any officer or other person refusing to deliver a copy of any order, warrant, process, or other authority, by which he detains any person, to any one who demands such copy, and tenders the fees thereof, shall forfeit two hundred dollars to the person so detained."

Conceding, without deciding, that this section is applicable to the case at bar, yet the facts in the record fail to bring it within the language or spirit of this law. The defendant did not demand of the sheriff a copy of the bench warrant, and, if he had, he should have paid or tendered to the sheriff the fees for such copy. The sheriff cannot, under this section, voluntarily make the county or state his debtor for serving a copy of the bench warrant. He must collect his fees from the defendant, or not at all, and he need not deliver a copy of such warrant unless the fees are paid in advance. His duty in this respect only becomes imperative and operative when the demand and tender are properly made by the person arrested. There is no presumption that an officer has performed an act unless the duty to do so is imposed upon him by law. Before this can be presumed, it must be shown that the act itself has been performed, which would create the presumption that the officer had performed his duty. The burden of showing that the sheriff had performed his duty in this case, by serving the copies of the bench warrant upon the defendant, rested upon him, and his merely serving such copies would not raise any presumption that he had served them by reason of a demand therefor by the defendants.

But, however this may be, if the defendants demanded copies, and they were delivered, he should have collected the fees himself, and not make a charge therefor against the county.  Nor does the fact that he charged such fees, and made return thereof upon the warrant, which were made a part of the judgment entered against the defendants, and paid by them, aid the plaintiff.  If the fees were illegal, the plaintiff is not entitled to them, whether paid or not; and, if they were not properly and legally taxed and inserted in the judgment, and hence paid by the defendants, that is no concern of the plaintiff, but of the defendants named in the warrants.

This cause is therefore remanded to the trial court from whence it came, with instructions to proceed in a manner not inconsistent with this opinion.

CANTY, J.  I concur in the result, but, as to the first point discussed, I am of the opinion that the rule that the expression of one thing in one clause of the statute is the exclusion of another thing in another clause of the statute, is not a proper rule to apply to the different provisions of our statute regulating sheriffs' fee bills, and will often give the sheriff fees to which he is not entitled. Where the statute is silent, the test is whether the sheriff at the same time, and by one actual travel, performed service in several separate and independent proceedings, the fact that he was able to perform service in all the proceedings at once being a mere coincidence, or whether the proceedings were so connected that he would naturally and ordinarily be able to perform service in all the proceedings at once.  As to the former case, it is fair to presume that the legislature intended that he should have full mileage in each separate proceeding, such a coincidence being merely his good luck.  As to the latter case, it is fair to presume that the legislature intended that he should only have the mileage actually traveled.