STATE v. THEODORE HJERPE.[1]

December 10, 1909.

Nos. 16,402—(21).

**Rape — Charge to Jury.**
>    The evidence in this case is sufficient to sustain the verdict of guilty, and
> the trial court made no errors in its rulings upon the admission of evidence,
> nor in its charge to the jury.

Theodore Hjerpe was indicted for the crime of rape by the grand
jury for the county of Nicollet and pleaded not guilty. He was tried
before Olsen, J., and a jury which rendered a verdict of guilty.
From an order denying his motion for a new trial, defendant ap-
pealed. Affirmed.

*C. L. Benedict* and *D. J. Severance,* for appellant.

*George T. Simpson,* Attorney General, and *George T. Olsen,* Coun-
ty Attorney, for the State.

START, C. J.

The defendant was convicted in the district court of the county of
Nicollet of the crime of rape, and sentenced to imprisonment in the
state's prison at Stillwater for the term of eight years. He appealed
from an order denying his motion for a new trial. It is here urged
on his behalf that the verdict of guilty is not justified by the evidence,
for the reasons: (a) It does not show that the crime of rape was
committed upon the complaining witness by any one. (b) It does
show that the defendant was not present at the time and place the
offense was alleged to have been committed, and, further, that the
trial court erred in its charge to the jury.

It appears beyond reasonable controversy that on October 18,
1908, the complaining witness, a widow fifty-six years of age and of
infirm health, was living, and had been for several years prior there-
to, alone in a small house owned by her, which was some twenty-five

[1] Reported in 123 N. W. 474.

rods from any other house; that the defendant was then a young man past twenty years of age, whom the complaining witness had known ever since he was a child, as he had always lived with his parents about a mile from her home; and, further, that at about 2:30 o'clock a. m. of the day named she appeared at the home of her most intimate female friend, who lived about half a mile away, woke her up, and made complaint that she had been outraged by the defendant. On the trial of the cause she testified to the effect, giving details, that at about 1:30 o'clock a. m. of the day named she was sleeping alone in her house, on the second floor; that she was awakened by hearing some one below in the house, and she went downstairs and found the defendant there, who caught her, threw her upon the floor, and, forcibly overcoming her resistance, had sexual intercourse with her, against her will and without her consent. She positively identified the defendant as the person who committed the alleged outrage. A surgical examination of her person tended to corroborate her testimony that the offense had been committed.

The testimony of the defendant was to the effect that he did not commit the crime, and that he was at his home at the time the crime was alleged to have been committed. He was corroborated, as to his alleged alibi, in some measure by other witnesses, members of his family, but not positively, as no one of them testified to seeing or talking with him at his home on the night in question until about seven o'clock a. m. There was also evidence, upon the part of the state and the defendant, tending to show circumstances relevant to the ultimate question whether or not the testimony of the complaining witness was true. Her credibility was a question for the jury; and, after considering the whole evidence, with the care that the gravity of the case demands, we are of the opinion that it is amply sufficient to sustain the verdict of guilty.

The trial court gave to the jury, with others, the instructions following:

"The defendant has pleaded 'not guilty' to the indictment, and has thereby denied each and all of the allegations of the indictment in this case. (The defendant, as it is right and proper for him to do, in this case presents a number of defenses or theories of defense for

your consideration.)   He contends that no crime of rape was committed upon the complainant by any one; that if any sexual intercourse was had by any one with the complainant  *  *  *  at the time and place in question, then she consented thereto, and there was no crime of rape; that, if any crime was committed at the time and place in question, it was not committed by this defendant, but by some other person; that at the time testified to by the complainant, when she claims the crime was committed, the defendant was not present at her place, but was at the home of his parents, his own home, a mile or more distant from the place in question.

"You are to consider carefully all of the evidence in the case upon each of these questions or issues, and if you believe from the evidence that no crime of rape was committed upon the complainant by any one,  *  *  *  or that the crime was committed by some other person,  *  *  *  or that at the time in question the defendant was not present, but was then at his home, then in either such case you are to find a verdict in favor of the defendant of not guilty."

The jury were also instructed that the burden was upon the state to prove the defendant's guilt by competent evidence beyond a reasonable doubt.

Counsel for defendant urges that the part of the instructions which we have enclosed in parenthesis was error, because it might have led the jury to believe that all of the defenses interposed were theories.   The part objected to must be read in connection with the other instructions given.   It is obvious, from the mere reading of the whole charge, that it contained no error, but was a clear and fair statement of the defendant's defenses, and the duty of the jury in the premises.

Exception was taken on the trial to certain of the rulings of the court as to the exclusion of evidence offered by the defendant.   They were assigned as error, but not urged in the defendant's brief.   The rule in this respect which obtains in civil actions does not apply to appeals or writs of error in criminal cases, for in such cases it is our duty to examine the record and render judgment upon it.   R. L. 1905, § 5405.

The defendant offered to show that at about eight o'clock in the

evening before the alleged offense was committed a strange man, and not the defendant, was seen skulking and trying to hide in the timber near the complaining witness' residence, and, further, that two or three days before this a man, naming him, had stated, in effect, that the complaining witness' house would be a good place for improper purposes. The offered evidence was excluded, and the defendant excepted. Whether evidence tending to show such collateral facts is admissible or not in a given case is a matter largely within the discretion of the trial court. The court did not abuse its discretion in excluding the evidence; for it was too remote and uncertain, and, if received, it would have raised collateral issues, the tendency of which would have been to confuse the jury, rather than to have assisted them in determining the primary issue.

We find no reversible error in the record.

Order affirmed.