## STATE v. MALCOLM MOREHART.[1]

### July 8, 1921.

### No. 22,489.

**Criminal law — payment of state's disbursements by defendant.**

1. In passing sentence upon a man convicted of the crime of attempting to have carnal knowledge of a female under the age of 18 years, the district court may require the payment of such items of the state's disbursements as would be properly taxable against the defeated party in a civil action, in addition to the penalty imposed as punishment for the crime.

**Such disbursements to be taxed before sentence.**

2. Such disbursements must be properly ascertained and taxed before their payment can be adjudged as part of the sentence pronounced by the court.

Defendant was indicted by the grand jury of Blue Earth county charged with the crime of carnally knowing and abusing a female child under the age of 18 years, plead guilty to the crime of attempting to commit the crime charged and on motion of the county attorney adjudged guilty and sentenced by Comstock, J. From the judgment of the court, defendant appealed. Modified and case remanded.

[1]Reported in 183 N. W. 960.

*C. J. Laurisch,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Charles E. Phillips,* County Attorney, for respondent.

LEES, C.

Defendant applied for and was given leave to enter a plea of guilty of the crime of attempting to have carnal knowledge of a girl 16 years old. The court sentenced him to confinement in the county jail of Blue Earth county for the term of four months "and further and in addition thereto * * * to pay the costs taxed by the state in the sum of two hundred ninety-nine dollars and that [he] be confined in the county jail * * * until such costs be paid, not exceeding the term of six months in all." Defendant appealed from the judgment. He contends: (1) That the court had no power to require the payment of the costs; (2) that, if it had, there has been no taxation of them.

1. In support of the first contention, it is argued that, if defendant had in fact had carnal knowledge of the girl, the only punishment which could be inflicted was imprisonment in the state prison or county jail, section 8656, G. S. 1913; that the punishment prescribed by section 8490, G. S. 1913, for an attempt to commit the crime, is imprisonment for not more than half of the longest term fixed by section 8656, and that the provisions for a fine found in section 8490 can have no application to a crime punishable by imprisonment only, and, finally, that the court had no power to require the payment of costs, because they would be the equivalent of a fine. We think defendant's position cannot be successfully maintained. Section 7988, G. S. 1913, provides that in all criminal actions, upon a conviction, the court may adjudge that defendant pay the whole or part of the disbursements of the prosecution in addition to the penalty prescribed. There is nothing in the language of that section limiting its application to offenses which may be punished by a fine. Moreover, the payment of the state's disbursements is not part of the penalty, but something in addition thereto. The evident purpose of the statute is not the punishment of the offender, but the reimbursement of the state. It should be held, however, to refer to such items of disbursements as are properly taxable against a defeated party,

149 M.—28.

and not to include those items of expenses connected with the trial which cannot be taxed as disbursements. Board of Co. Commrs. of Hennepin County v. Board of Co. Commrs. of Wright County, 84 Minn. 267, 87 N. W. 846. We, therefore, hold that the district court had power to require the payment of the state's disbursements incurred in the prosecution of the defendant.

2. The judgment refers to the amount defendant was required to pay as "the costs taxed by the state." If we can look no farther than this statement in the judgment, it would appear, presumptively at least, that the costs had been properly ascertained and taxed. State v. McKinley, 114 Minn. 434, 131 N. W. 369. It is difficult to understand how so large an amount could be expended by the state for items of disbursements properly taxable. We learn from the state's brief that 13 men, in addition to defendant, were indicted, charged with having had carnal knowledge of the girl during a period of four months. After two had been tried, the regular panel of petit jurors was excused, a special venire issued and two more cases tried when the jurymen were again excused and a second special venire issued. The trial of two more cases was followed by the discharge of the jurymen, and the issuance of a third special venire, to which defendant filed objections. Thereupon the regular panel was recalled, and when the present case was reached for trial defendant asked leave to plead guilty to a charge of attempted carnal knowledge, with the result already stated. We infer that the bill of disbursements is largely made up of officers' fees for summoning jurors and the fees of the jurors themselves. If such is the fact, we have no hesitation in saying that such fees were not taxable against defendant. It has been the policy of the state to treat the expenses of criminal trials as county burdens, Mathews v. Board of Co. Commrs. of Lincoln County, 90 Minn. 348, 352, 97 N. W. 101, and it has been held that, where there are several defendants, the taxable costs may not be charged wholly against one of them at the discretion of the taxing officer. Steenerson v. Board of Co. Commrs. of Polk County, 68 Minn. 509, 71 N. W. 687.

It is our duty, in a criminal case, to examine the record and render judgment upon it. Section 9247, G. S. 1913; State v. Hjerpe, 109 Minn. 270, 272, 123 N. W. 474. An examination of the record and files in the district court as returned here discloses that there was neither a

formal taxation of costs nor any ascertainment of the state's disbursements, and hence there is no foundation for that portion of the judgment which required defendant to pay the costs. The judgment should be modified by striking out so much thereof as requires the payment of $299 costs and defendant's confinement in the county jail until the same is paid. The state should be permitted, however, to have its disbursements properly ascertained and taxed and payment thereof enforced as provided by section 7988, G. S. 1913. The disbursements so taxed should include only items of the same character as might be taxed in a civil action under the provisions of section 7976, G. S. 1913.

Judgment modified and the case remanded for further proceedings in accordance herewith.