## AUGUST F. KLINZING v. DAVID GUTTERMAN AND ANOTHER.
## MILES LUMBER COMPANY, THIRD-PARTY DEFENDANT.
## SIDNEY HOLMES, FOURTH-PARTY DEFENDANT.

85 N. W. (2d) 665.

October 11, 1957—No. 37,106.

*Joe A. Walters,* for appellant.
*Stacker & Stacker* and *Thomas W. Newcome,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

It appears from the record and pleadings that on September 15, 1951, the plaintiff, Klinzing, purchased certain real estate from defendants and third-party plaintiffs, herein referred to as Gutterman, and that a part of the purchase agreement provided that Gutterman was to construct a garage and concrete driveway on this property; that Gutterman subcontracted the construction of the garage and driveway to the third-party defendant and fourth-party plaintiff, Miles Lumber Company, referred to herein as the company, which in turn subcontracted the concrete work including the driveway to fourth-party defendant, Holmes. It further appears that all contracts were performed and that thereafter Klinzing brought an action in district court against Gutterman, alleging damages because of inferior construction of the garage, concrete slab of the garage floor, and driveway. In that action Gutterman filed a third-party complaint against the company, alleging that it was at fault concerning claims made by Klinzing. After the company was made a third-party defendant, it filed a fourth-party complaint against the defendant Holmes.

All of the actions were tried together before the court and jury. The latter found in favor of Klinzing and assessed his damages against Gutterman at $1,154. A verdict was also rendered in favor of Gutterman against the company for $904 and another in favor of the company against Holmes for $154.

During the course of the trial, certain expert witnesses were called by the original plaintiff, Klinzing, for the purpose of proving his cause of action. After the verdict was returned in his favor, he entered judgment against Gutterman and taxed statutory costs of $10 together with expert-witness disbursements in the total sum of $165.

Thereafter Gutterman, preliminary to the entry of judgment against the company, served it with a notice of taxation of costs and a bill of

costs and disbursements. The company claims that the statutory costs that Gutterman sought to tax against it in the sum of $10 consisted of the statutory costs that the original plaintiff, Klinzing, had taxed against Gutterman; also that the expert-witness disbursements that Gutterman attempted to tax against it were the expert-witness fees that had been incurred by Klinzing and taxed against Gutterman.

The company filed its objections to the taxation of these costs and disbursements with the clerk of the District Court of Ramsey County who overruled the objections and entered judgment for Gutterman including the said costs and disbursements. The company then appealed to the district court from the clerk's entry taxing costs, and the court dismissed its appeal. This appeal is from that part of the judgment entered in favor of Gutterman and against the company concerning the taxation of the statutory costs and expert-witness-fees disbursements. The only legal questions raised by the company which we deem necessary to consider in this appeal are:

(1) Can Gutterman tax the statutory costs against the company which were taxed by Klinzing against Gutterman?

(2) Can Gutterman tax the expert-witness disbursements against the company which were taxed by Klinzing against Gutterman?

M. S. A. 549.02 provides in part that in actions commenced in district court $10 costs shall be allowed to plaintiff upon a judgment in his favor of $100 or more in an action for the recovery of money when issue of fact or law is joined. The company concedes that Gutterman is entitled to $10 statutory costs against it inasmuch as he was the prevailing party. It argues, however, that in this case Gutterman did not attempt to tax the statutory costs to which he was entitled pursuant to § 549.02, but instead he taxed the statutory costs which had been assessed against Gutterman by Klinzing in the original action. It contends, therefore, that Gutterman waived his right to tax statutory costs to which he was entitled because he failed to include them in his bill of costs and disbursements.

When Gutterman's bill of costs and disbursements was prepared, there was inserted in the heading to paragraph two thereof the following language:

"Statutory Costs (Disbursements taxed by plaintiff against defendants and third-party plaintiffs) ........................................ $10.00."

Gutterman claims that this heading clearly indicates that it was his intention to only tax those costs to which he is entitled by virtue of § 549.02 and not the costs assessed against him by plaintiff Klinzing in the prime action, and that no double taxation of costs was made nor was any intended.

In connection with the $10 statutory costs allowable under § 549.02, it appears that the question narrows down to a dispute between the company and Gutterman as to whether the latter in inserting the $10 statutory costs in his bill of costs and disbursements intended to only tax the statutory costs he was entitled to under the statute rather than those assessed against him by Klinzing. We find nothing in the record to satisfy us that his intentions were contrary to what he claims. It is undisputed that he was entitled to tax the $10 statutory costs and in our opinion it is not double taxation of such costs, and Gutterman is entitled to tax them against the company.

With reference to the second question, costs and disbursements were taxed and allowed Gutterman against the company by the district-court clerk in the total sum of $183.24, which amount included the same expert-witness fees and in the same amounts as allowed in the matter of Klinzing against Gutterman. Objections were filed by the company and appeal was taken to the district court and denied. According to the memorandum of the trial court in that matter the company contended that Gutterman did not call the expert witnesses to testify but instead cross-examined them when they were called to testify by Klinzing, and that therefore the expert-witness fees were not actually disbursements which were incurred in the matter of Gutterman against the company. On the other hand, it was the claim of Gutterman that the witnesses were actually used by him in that at the conclusion of the Klinzing case against Gutterman the latter moved the court to allow the testimony of the expert witnesses to stand and be allowed as testimony in the case of Gutterman against the company. In this respect, the court said:

"* * * It was the position of Guttermans that what the witnesses had testified to was essentially true, and rather than recall them to re-

peat the testimony as given in the Klinzing case, the Court was moved to allow such testimony to be used in the Gutterman vs. Miles Lumber Company case. The record will show that the motion was granted."

Thereupon the trial court treated the disbursements of the expert-witness fees as disbursements necessarily and reasonably incurred by Gutterman in the proof of his case and said:

"* * * They were a part of the judgment in the Klinzing vs. Gutterman case and certainly are deemed to have been incurred by the Guttermans in their case against Miles Lumber Company."

We think that the reasoning of the trial court is logical and that the taxation of the expert-witness fees against the company under the circumstances here should be affirmed. Section 549.04 provides that in every action the prevailing party shall be allowed his disbursements necessarily paid or incurred. It is undisputed that Gutterman was the prevailing party against the company. The disbursements of the expert-witness fees were incurred by Gutterman (having been taxed and allowed in the Klinzing case) and he is entitled to recover them against the company.

The company argues in its brief that, if the results of the district court's decision were to be logically extended, the last party in a multiparty action could be assessed with all of the disbursements incurred by all of the prevailing parties preceding him and that under that interpretation the company could assess against Holmes, the fourth-party defendant, all of the costs and disbursements which have been taxed against it, which would be more than the damages assessed against Holmes. While that question is not before us, inasmuch as the company's brief states it has not yet entered judgment against Holmes, it is our opinion that, if an attempt is made to assess all of the costs and disbursements against Holmes, it would be within the discretion of the trial court, upon appeal to it, to determine the fair proportion of the costs and disbursements to be taxed against Holmes under the circumstances here.

Affirmed.