**STATE of Minnesota, Respondent,**

v.

**James William NIEMCZYK, Appellant.**

**No. C9-86-2133.**

Court of Appeals of Minnesota.

Feb. 10, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert W. Kelly, Washington Co. Atty., Robert J. Molstad, Asst. Co. Atty., Stillwater, for the State.

Ann M. Tanke, St. Paul, for appellant.

Considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This appeal is from a stayed sentence for attempted burglary. The trial court stayed the imposition of sentence and placed appellant James Niemczyk on probation for five years and required him to serve 60 days in the county jail as a condition of probation. We affirm in part and remand in part.

## FACTS

Niemczyk was charged with attempted burglary and possession of a burglary tool. After withdrawing a guilty plea, he went to trial and was convicted of the attempted burglary charge, the other count having been dismissed.

Appellant was involved in a burglary attempt at a home in Washington County witnessed by the owner's daughter. According to the complaint, she observed appellant and David Larson drive up to the house, knock on the front door and check out the house as if to see if it was occupied. They then returned to their truck and took out a pair of pliers and attempted to force open two doors. The complainant stated that appellant gave some directions to Larson and also retrieved the pliers.

Appellant was represented by the public defender through the pretrial proceedings. When he obtained a private attorney, the court ordered him to pay $400 to the public defender fund within 30 days.

The trial court ordered a presentence investigation, which indicated that appellant had debts equal to his estimated assets. His income consisted of a base salary of $800 per week plus commissions of up to $2,000 per month. His child support obligation was $75 per month.

The PSI recommended a stay of imposition, with ten years probation. It recommended as conditions of probation 30 days jail time and payment of $500 for the cost of prosecution.

At the sentencing hearing, the trial court noted that Larson had received only 30 days in jail. Niemczyk's attorney argued:

> [A]nything more than 30 days would appear to be excessive and the $500 fine would appear to be as a result of his standing on his right to a jury trial.

The trial court then addressed appellant, expressing anger at the offense and giving him a choice of "30 days straight time or 60 days Huber." Appellant asked, "Is this because we did go to trial?" The court responded:

> It's not because of that at all. That's all erased. We are here because you were found guilty of a felony and I'm the sentencing judge and I'm not going to comment on the sentence that was given to your other partner because I don't know all the facts there, but I know the facts on your case and I don't like what you did.

Niemczyk chose 60 days with Huber release. He did so subject to his eligibility for the Huber program and after the court stated if he wasn't eligible he would serve 60 days straight time. The record does not show whether Niemczyk qualified for Huber release.

The trial court also ordered Niemczyk to pay $500 for the cost of prosecution within one year.

## ISSUES

1. Were the conditions of probation imposed as a penalty for appellant's exercising his right to a jury trial?

2. Did the trial court abuse its discretion in setting conditions of probation?

## ANALYSIS

### I.

■ A defendant's exercise of his right to trial by jury can have no bearing on the sentence imposed. *State v. Mollberg*, 310 Minn. 376, 246 N.W.2d 463, 471 (1976) (quoting *Hess v. United States*, 496 F.2d 936, 938 (8th Cir.1974)). The record at sentencing

> must affirmatively show that the court sentenced the defendant solely upon the facts of his case and his personal history, and not as punishment for his refusal to plead guilty.

*Id.* 310 Minn. at 388, 246 N.W.2d at 471 (quoting *United States v. Stockwell*, 472 F.2d 1186 (9th Cir.), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973)).

■ The trial court here made no remarks implying a punishment for not pleading guilty. *Cf. Mollberg*, 310 Minn. at 379, 246 N.W.2d at 466 (judge informed defendant he would probably receive maximum sentence if convicted). Such references were made only by appellant and his attorney. The trial court expressed its concern at the facts of the offense and the record affirmatively shows that appellant was sentenced on that basis.

Minn.Stat. § 631.48 (1984) allows the court to impose the costs of prosecution on the defendant. The constitutionality of the statute was not challenged in the trial court and we do not address that issue. The purpose of this statute, however, has been held to be reimbursement of the state rather than punishment of the defendant. *State v. Morehart*, 149 Minn. 432, 433, 183 N.W. 960 (1921).

## II.

The setting of conditions of probation is within the discretion of the trial court. *State v. Sutherlin*, 341 N.W.2d 303, 305 (Minn.Ct.App.1983). A defendant has no right to insist on a limitation of probationary jail time. *Id.*

The fairness of a defendant's sentence cannot be judged solely by comparison

> with the sentence his accomplices received. It also involves comparing the sentence of the defendant with those of other offenders.

*State v. Vazquez*, 330 N.W.2d 110, 112 (Minn.1983). This is particularly the case with conditions of probation, an area in which the Guideline's Commission has chosen not to develop guidelines. Minnesota Sentencing Guidelines III.A.2. The 60 days jail time imposed was well within the trial court's discretion.

> The "Huber law" statute provides:
> A convicted person at the time of sentencing to jail, or at any time before commitment, may in the discretion of the sentencing court be committed under this section.

Minn.Stat. § 631.425, subd. 2 (Supp.1985). This language indicates the court may either order jail time at sentencing with regard to Huber release, or later allow Huber release on the jail time already ordered. Thus, the trial court's offer of a choice to appellant was not beyond its statutory authority.

The trial court ordered payment of $500 costs of prosecution without any statement appearing in the record to detail these costs. It also made no finding that Niemczyk is able to pay them, a finding this court required in *State v. Ramstad*, 348 N.W.2d 391 (Minn.Ct.App.1984); *cf. State v. Anderson*, 378 N.W.2d 632, 635 (Minn.Ct. App.1985) (defendant indigent at time of prosecution could be ordered to pay $100 to reimburse for public defender services). An earlier order to pay $400 to the public defender fund apparently remained outstanding.

Reimbursement of the public defender is a matter separate from assessment of the costs of prosecution. *See* Minn.Stat. § 611.35, subd. 1 (1984) (reimbursement of public defender); *cf.* Minn.Stat. § 631.48 (court may adjudge that defendant pay the disbursement of the prosecution).

Costs of prosecution assessed to a defendant cannot include the state's attorney's fees. *State v. Bjornson*, 378 N.W.2d 4, 11 (Minn.Ct.App.1985). The statute allows only costs which could be taxed in a civil action. *Morehart*, 149 Minn. at 435, 183 N.W. at 961. Such costs would include costs of necessary discovery, *Striebel v. Minnesota State High School League*, 321 N.W.2d 400, 403 (Minn.1982), witness' fees, *Klinzing v. Gutterman*, 250 Minn. 534, 85 N.W.2d 665 (1957), and travel expenses, Minn.Stat. § 357.22(2). *See generally* Minn. Stat. § 549.04 (1984) (allowing "reasonable disbursements"). The trial court has discretion to determine the reasonableness of disbursements. *Staats v. Fabricating Equipment and Systems, Inc.*, 359 N.W.2d 345, 348 (Minn.Ct.App. 1984), *pet. for rev. denied* (Minn.March 13, 1985). We must remand for a statement of costs and disbursements and an order imposing those properly chargeable to appellant. *See Morehart*, 149 Minn. at 434–35, 183 N.W. at 961.

## DECISION

The trial court did not abuse its discretion in imposing conditions of probation. The assessment of the costs of prosecution is remanded for a statement of costs as-

sessed and an order imposing those properly chargeable to appellant.

Affirmed in part and remanded in part.