STATE of Minnesota, Respondent,

v.

Jack Arthur MARTINSON, Appellant.

No. C5-90-920.

Court of Appeals of Minnesota.

Sept. 11, 1990.

Review Denied Oct. 25, 1990.

John M. Stuart, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, Michael Lynch, Kandiyohi County Atty., Willmar, for respondent.

Considered and decided by LANSING, P.J., and PARKER and GARDEBRING, JJ.

## OPINION

PARKER, Judge.

Jack Arthur Martinson appeals from a $20,000 fine and a $2,000 surcharge, part of his sentence upon his plea of guilty to third degree sale of a controlled substance, cocaine. He argues that the trial court abused its discretion by imposing a fine and surcharge inconsistent with the state's offer to agree to a misdemeanor sentence. He also argues the fine is excessive because of his indigency. We reverse and remand.

## FACTS

Martinson sold cocaine to an undercover agent of the Willmar Police Department who visited Martinson at his home looking for the drug. Martinson bought the cocaine from another person and sold it to the undercover agent for $100 plus a "line" of cocaine.

On prior occasions Martinson allegedly sold marijuana to undercover agents of the Willmar Police Department.

The state charged Martinson with the unlawful sale of marijuana under Minn. Stat. § 152.09, subd. 1(1) (1988),[1] and third degree sale of cocaine under Minn.Stat. § 152.023, subd. 1(1) (Supp.1989).

Martinson agreed to plead guilty to third degree sale of a controlled substance in exchange for the state's dismissal of the marijuana charge and a recommended 90-day cap. The amount of a fine remained in the discretion of the trial court. The state made no recommendation; Martinson acknowledged that a cap on the fine was not part of the plea agreement.

The trial court warned Martinson that he was not inclined to follow the recommendation and afforded him a chance to withdraw

---

[1]. The repeal of Minn.Stat. § 152.09 (1988) took effect August 1, 1989, and applies to violations occurring on or after that date. Minn.Stat. § 152.09 (Supp.1989).

his plea. Martinson declined to do so and asked that his sentence be executed. The trial court then sentenced Martinson to an executed 21 months, $20,000 fine, $2,000 surcharge, $15 law library fee, and $100 restitution. Martinson appeals only the fine and surcharge levied by the trial court.

## ISSUES

1. Did the trial court abuse its discretion by fining Martinson $20,000 as part of his sentence without a finding of ability to pay?

2. Did the trial court abuse its discretion by similarly imposing a $2,000 surcharge on Martinson?

## DISCUSSION

The trial court exercises its discretion when it imposes a sentence. *State v. Gamelgard,* 287 Minn. 74, 78, 177 N.W.2d 404, 407 (1970). The legislature fixes the limits of punishment for criminal acts; the courts impose sentences within those limits. *State v. Lambert,* 392 N.W.2d 242, 243 (Minn.1986), *pet. for rev. denied* (Minn. Sept. 29, 1986).

Martinson, who pled guilty to third degree sale of a controlled substance, faced a statutory maximum of not more than 20 years, a fine of not more than $250,000, or both. Minn.Stat. § 152.023, subd. 3(a) (Supp.1989). The presumptive sentence for Martinson, who has a criminal history score of zero, was 21 months stayed. Minn.Sent. Guidelines II.C, IV.

Martinson argues that the court should consider 3 *A.B.A. Standards for Criminal Justice* § 18–2.7 (1979) when imposing a fine. The *A.B.A. Standards* caution sentencing courts not to impose fines routinely and seldom to impose them in addition to a substantial period of incarceration. 3 *A.B.A. Standards* § 18–2.7(a). The *A.B.A. Standards* § 18–2.7(c) state that in determining whether to impose a fine and its amount, the court should consider:

    (i) the financial resources of the defendant and the burden that payment of a fine will impose, with due regard to the defendant's other obligations;

    (ii) the ability of the defendant to pay a fine on an installment basis or on other conditions to be fixed by the court;

    (iii) the extent to which payment of a fine will interfere with the ability of the defendant to make any ordered restitution or reparation to the victim of the crime; and

    (iv) whether there are particular reasons which make a fine appropriate as a deterrent to the offense involved or appropriate as an alternative to confinement of the defendant.

*Id.* The imposition of a fine consistent with *A.B.A. Standards* turns upon the trial court's consideration of defendant's financial resources and ability to pay.

Applying analogous sentencing standards in *U.S. v. Walker,* 900 F.2d 1201, 1206 (8th Cir.1990), the appellate court vacated a $2 million fine because the trial court failed to consider ability to pay:

    Walker's ability to pay a $2 million fine is questionable. First, he will be confined for twenty years, with little possibility of earning more than a small fraction of the fine. Second, the assets he currently owns, if applied against the fine, would reduce the fine by less than ten percent. Third, once he is released from prison, there is no evidence that Walker, who has a high school education and little job experience, has the earning capacity to pay off more than an insignificant amount of this substantial fine.

In *State v. Ramstad,* 348 N.W.2d 391 (Minn.App.1984), the trial court ordered appellant to pay the sum of $200 as costs of prosecution after payment of the fine and surcharge. While costs are permitted under Minn.Stat. § 631.48 (1988), this court "caution[ed] the trial court before seeking to collect the costs of prosecution, to make an appropriate finding concerning appellant's ability to pay." *Id.*

In *State v. Niemczyk,* 400 N.W.2d 401, 404 (Minn.App.1987), the trial court ordered Niemczyk to pay $500 as costs of prosecution without finding he was able to pay, as required in *Ramstad,* 348 N.W.2d at 391. This court reversed and remanded the *Niemczyk* case, in part, for an order imposing

costs and disbursements properly chargeable to Niemczyk.

■ Under *Niemczyk* and *Ramstad,* the trial court should find defendant able to pay before imposing costs of prosecution. We find no reason to distinguish between requiring the trial court to determine ability to pay before imposing a fine and before ordering payment of the cost of prosecution. Failure to pay either the cost of prosecution or a fine could result in incarceration.

On remand the trial court may inquire beyond appellant's income and into profits derived from drug sales. The record before us does not show that Martinson accumulated profits from drug sales or holds any assets other than a few clothes and a bicycle. He has been borrowing money from his sister to buy cigarettes while in jail and made about $150 per week prior to his arrest. On remand contrary or additional evidence may appear.

The state argues that Martinson's appeal is premature because he is not yet being imprisoned for failure to pay the fine or the surcharge. We reject this argument. Such a delay in facing the issue would waste judicial resources and inevitably require a hearing, collection procedures and contempt charges. During each step, Martinson would incur additional costs of defense.

Second, if upon release from incarceration Martinson is able to find employment, the overhanging threat and burden of a fine beyond his capacity to pay would seriously impede his rehabilitation. A fine out of proportion to financial circumstances could arouse resentment and disrespect for the legal system. Such a frame of mind is unlikely to facilitate rehabilitation.

Immediately after sentencing Martinson, an indigent with a criminal history of zero, to an executed 21 months, $20,000 fine, $15 law library fee and $100 restitution, the trial court concluded with the following exchange:

MR. REESE: You mentioned the fine, judge. When would that be due?

THE COURT: Whenever he can pay it. Do you have anything, Mr. Lynch?

MR. LYNCH: No, your Honor.

\* \* \* \* \* \*

THE COURT: Do you have any questions, Mr. Martinson?

THE DEFENDANT: When—like what—they going to set the fine on payments?

THE COURT: I don't know. I don't know. You wanted to execute it. I can fine you up to $250,000, I suppose. That's all.

Martinson's insistence on an executed sentence and resistance to chemical dependency treatment appeared to have influenced unduly the trial court's determination of an appropriate fine and surcharge.

### DECISION

The trial court abused its discretion by imposing a $20,000 fine and a $2,000 surcharge on Martinson without finding ability to pay them. The $20,000 fine and $2,000 surcharge are vacated.

Reversed and remanded.