**STATE of Minnesota, Respondent,**

v.

**Andre Fred PATTERSON, Appellant.**

**No. C6–93–1363.**

Court of Appeals of Minnesota.

Feb. 1, 1994.

Review Denied March 31, 1994.

---

DeCoster, Asst. County Atty., St. Paul, for respondent.

John M. Stuart, State Public Defender, Evan W. Jones, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by ANDERSON, C.J., and FORSBERG and KLAPHAKE, JJ.

## OPINION

FORSBERG, Judge.

Appellant Andre Fred Patterson pleaded guilty to one count of first degree burglary and one count of second degree criminal sexual conduct in violation of Minn.Stat. §§ 609.582, subd. 1(c) and 609.343, subd. 1(c) (1992) respectively. Appellant was sentenced to 68 months in prison for burglary, the presumptive term for a criminal history score of two. Appellant was also sentenced to a consecutive term of 96 months for criminal sexual conduct, which is a double durational departure for a severity level VII offense, with a criminal history score of zero. The 96 months was stayed and appellant was placed on probation for a period of 25 years, subject to certain terms and conditions. In addition, the court fined appellant $7,300, and ordered restitution.

Patterson appeals from the sentence claiming the district court abused its discretion in departing, and that the court did not have the authority to impose a fine or order restitution. We affirm in part and remand.

## FACTS

On September 25, 1992, at approximately 11:00 p.m., appellant entered a ground-level apartment on Grand Avenue, St. Paul, through an open bathroom window.

K.J.E., a 21–year–old college student, shared the apartment with her brother Michael, age 23. K.J.E. was alone and sleeping in her bedroom when she was awakened by a sound. K.J.E. saw through a six to eight inch opening of her bedroom door that a light she had turned off when she went to bed was on again. The light then went out and she got up to see if it was her brother and asked, "Who's there?"

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey County Atty., Steven C.

Appellant opened her door and told her not to scream. A red-and-white striped shirt he had picked up in the apartment covered his face. Appellant entered the room and grabbed K.J.E.'s arms and threw her on the bed. She fought with him as he had his arm around her neck choking her. Appellant then pulled off K.J.E.'s undergarments and the two of them rolled from the bed to the floor. K.J.E. was now on her stomach with appellant on top of her. She could feel appellant trying to put his penis in her vagina, but he was unable to do so due to her continuing resistance. K.J.E. believed appellant ejaculated because she later found a wet spot on the bed sheet. Appellant became frustrated and threw her back on her bed. Finally, the shirt fell from appellant's face and he left out the same bathroom window through which he had entered.

At 11:00 p.m. on September 28, 1992, three days after his attempted rape of K.J.E., appellant was arrested for window peeping in the same neighborhood in which K.J.E. lived. Appellant's palm print and fingerprints were found inside the apartment of K.J.E. Also, a DNA profile analysis of the sperm cells found on K.J.E.'s bed sheet matched appellant's blood samples.

K.J.E. sustained bruises on her left shoulder, her right tricep, and on the front of her neck, as well as her lower extremities. She also had blood visible in her left eye. K.J.E. recovered slowly but was unable to move away from her parental home in Grand Rapids to return to college after the incident. She also suffered from nightmares and was unable to stay at home alone at night.

Appellant stated he felt remorse for having entered into the apartment but denied that he had committed sexual assault on K.J.E.

The criminal history score work sheet was not included in the file from the district court. Appellant had prior convictions of terroristic threats, window peeping, and five other misdemeanors. It appears that a criminal history score of two was used in sentencing for the burglary charge and a criminal history score of zero was used in consecutively sentencing on the criminal sexual conduct charge. Thus, the court sentenced appellant to the presumptive term for burglary and

double departed from the presumptive term for the criminal sexual conduct. The court also fined appellant $7,300, and ordered restitution.

## ISSUES

1. Did the sentencing court, based on substantial and compelling aggravating circumstances, properly depart upward in the sentence for appellant's stayed term for second degree criminal sexual conduct?

2. Did the sentencing court correctly impose fines and order restitution in the instant case?

## ANALYSIS

1. Upward departure is within the sentencing court's discretion only if aggravating circumstances are present. *State v. Best*, 449 N.W.2d 426, 427 (Minn.1989). "If the record supports findings that substantial and compelling circumstances exist," a reviewing court will not interfere with the trial court's discretion "unless it has a 'strong feeling' that the sentence is disproportional to the offense." *State v. Anderson*, 356 N.W.2d 453, 454 (Minn.App.1984) (quoting *State v. Schantzen*, 308 N.W.2d 484, 487 (Minn.1981)).

The trial court based its double departure on several factors that have been determined substantial and compelling. The crime occurred within the victim's zone of privacy. *State v. Van Gorden*, 326 N.W.2d 633, 635 (Minn.1982); *State v. Morales*, 324 N.W.2d 374, 377 (Minn.1982). Also, there was the use of physical force to inflict bodily injury. *Van Gorden*, 326 N.W.2d at 635; *State v. Stauffacher*, 380 N.W.2d 843, 850 (Minn.App.1986), *pet. for rev. denied* (Minn. Mar. 21, 1986). The victim will need future counseling for her psychological injury. *State v. Allen*, 482 N.W.2d 228, 233 (Minn. App.1992), *pet. for rev. denied* (Minn. Apr. 13, 1992). Therefore, we affirm the upward departure in the stayed sentence.

2. The district court fined appellant $7,000 for the burglary, the minimum fine under Minn.Stat. § 609.101, subd. 4 (1992), and $300 for the sexual assault, the minimum

fine under Minn.Stat. § 609.101, subd. 2(2) (1992). The court also ordered restitution. Appellant argues that the court erred in imposing the fines without making a determination of appellant's ability to pay. The court, however, imposed the minimum fines allowed under the statute. There is no requirement to base such fines on ability to pay. The court is required to make findings as to such consideration *only* if the court decides to reduce the amount of the minimum fine. Minn.Stat. § 609.101, subd. 5 (Supp.1993).

As to restitution, the district court stated that appellant pay restitution as directed by the court. We do not know what the court means and remand for clarification. Also, the court first referred to the $7,000 as restitution and later as a fine. This too should be clarified.

### DECISION

The upward departure was justified under the guidelines. The sentencing court need not consider the defendant's ability to pay a fine unless it is below the minimum required by Minn.Stat. § 609.101. The sentence and fine are therefore affirmed, and the case is remanded for further findings as to restitution.

**Affirmed in part and remanded.**