STATE of Minnesota, Respondent,

v.

Matthew Allan **LAMBERT**, Appellant.

No. C6–95–2582.

Court of Appeals of Minnesota.

May 14, 1996.

Hubert H. Humphrey, III, Attorney General, St. Paul, James R. Olson, Brown Coun-

ty Attorney, Eric A. Bartsch, Assistant County Attorney, New Ulm, for Respondent.

John M. Stuart, State Public Defender, Marie L. Wolf, Assistant Public Defender, Minneapolis, for Appellant.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ..

## OPINION

SCHUMACHER, Judge.

Appellant Matthew Allan Lambert challenges the district court's imposition of a $25,000 fine for his conviction of second-degree controlled substance crime. We affirm.

## FACTS

In October 1994, in exchange for $600, Lambert delivered an envelope containing cocaine to a man acting as a police informant. Lambert was charged with one count of second-degree controlled substance crime and he pleaded guilty. Pursuant to the plea agreement, the prosecution recommended a downward sentencing departure. The district court imposed the 51–month recommended downward departure because Lambert had no previous involvement in the drug trade and he did not use cocaine. In addition, the district court ordered Lambert to pay a fine in the amount of $25,000.

## ISSUE

Did the district court err by imposing a fine below the statutory minimum fine without determining Lambert's ability to pay the reduced fine?

## ANALYSIS

Lambert contends the district court abused its discretion by ordering him to pay a $25,000 fine because he is financially unable to pay the fine and there is no indication that he was involved in the drug trafficking network. Lambert relies on *State v. Martinson*, 460 N.W.2d 342, 344 (Minn.App.1990), *review denied* (Minn. Oct. 25, 1990), where this court cautioned sentencing courts against routinely imposing fines and held the sentencing court must consider the defendant's ability to pay

before imposing a fine. That decision, however, was superseded by Minn.Stat. § 609.101 (1994).

Minn.Stat. § 609.101, subd. 3(a), provides:

Notwithstanding any other law, when a court sentences a person convicted of a controlled substance crime under sections 152.021 to 152.025, *it must impose a fine of not less than 20 percent of the maximum fine authorized by law* nor more than the maximum fine authorized by law.

(Emphasis added.) The minimum fine "is in addition to any sentence of imprisonment or restitution imposed or ordered by the court." *Id.*, subd. 3(b).

Lambert's conviction under Minn.Stat. § 152.022, subd. 1(1) (1994), corresponds to a maximum fine in the amount of $500,000 and a minimum fine in the amount of $100,000 (20% of $500,000). Minn.Stat. § 152.022, subd. 3(a) (1994). Here, the district court reduced the amount of the minimum fine:

I will reduce that fine to $25,000. I know that based upon your past history that's a lot of money, Mr. Lambert, but you're 24 years old; and you've got a lot of time to pay this money. And I think in five years at $5,000 a year you can get this paid off. I will waive any surcharges and library fees and criminal surcharges and just make it a straight $25,000.

■ Minn.Stat. § 609.101, subd. 5, expressly authorizes the sentencing court to reduce the amount of the minimum fine. Although that provision requires the court to make written findings "that the convicted person is indigent or that immediate payment of the [minimum fine] * * * would create undue hardship," that requirement does not provide a defendant with a basis to challenge the amount of a reduced minimum fine. The purpose of the findings requirement is to evaluate whether the district court should have imposed the higher statutory minimum. Moreover, Minn.Stat. § 609.101, subd. 5, prohibits the court from waiving payment of the minimum fine.

■ Lambert raises the issue of his inability to pay the imposed fine. A sentencing court, however, need not determine a defen-

dant's ability to pay the statutory minimum fine. *State v. Patterson,* 511 N.W.2d 476, 479 (Minn.App.1994), *review denied* (Minn. Mar. 31, 1994). It follows that the district court need not determine if a defendant is able to pay a fine that has been reduced below the statutory minimum. *See* Minn.Stat. § 645.17(1) (1994) (courts must construe statutes in accordance with presumption that legislature does not intend absurd or unreasonable result). Although *Patterson* refers briefly to findings necessary to reduce a fine below the minimum, that reference is to the statutory findings limiting the court's discretion and is not raised as an issue in this case. Here, Lambert cites as error the fact that the district court did not make findings on his ability to pay the fine, not the fact that the district court reduced the statutorily-mandated minimum fine.

The legislature has the authority to fix the limits of punishment for a criminal act. *State v. Lambert,* 392 N.W.2d 242, 243 (Minn.1986). The legislature has now mandated minimum fines. Minn.Stat. § 609.101, subd. 3(a). Lambert's challenge should be directed at the statute, rather than the district court's decision in this case. In any event, he has not presented an argument that the statute is unconstitutional. *See Koppinger v. City of Fairmont,* 311 Minn. 186, 189 n. 2, 248 N.W.2d 708, 711 n. 2 (1976) (issue merely stated without argument or analysis is deemed waived).

Finally, Lambert's argument regarding his minimal involvement in the drug trade lacks merit because the amount of his drug-related profits relates to ability to pay considerations that are no longer required under Minn.Stat. § 609.101. *Cf. Martinson,* 460 N.W.2d at 344 (in determining ability to pay, court may inquire into profits derived from drug sales).

### DECISION

The district court did not err by imposing a fine below the statutory minimum fine without further determining Lambert's ability to pay the reduced fine.

**Affirmed.**