John H. Pennock, J.
The petitioner, now incarcerated in Sing Sing, a State penal institution, brings this article 78 proceeding to review a determination of the respondent, New York State Department of Correctional .Services’ Parole Board.
The petitioner and respondent raise procedural questions as follows:
1. Petitioner urges that respondent’s counsel, the Attorney-General, submitted an additional pleading. (CPLR 7804, subd. [d].) The court disagrees and accepts all pleadings.
2. Respondent urges, and sets forth, that petitioner had not commenced this proceeding within the statutory period of four months. (CPLR 217.)
The court shall consider the matter pursuant to CPLR 7801 (subd. 2). Although four months have elapsed from the decision the matter is characterized as a continuance infringement.
On January 17, 1962, petitioner was sentenced to a term of 3 to 10 years on a conviction for robbery in the third degree, and his maximum release date was set for January 5, 1972. Petitioner was released on parole April 15,1964, he was returned to respondent’s custody for parole violation on October 31, 1966 after ah October 21,1966 arrest as a “ policy controller. ” Petitioner was thereafter and on January 17, 1968 again released on parole. During the second period of parole, petitioner was arrested and charged with criminal possession of a dangerous drug (Class E felony) and criminal possession of a hypodermic needle (Class A misdemeanor). Petitioner remained in the Brooklyn House of Detention for Men until September 17, 1969, at which time the court disposed of the charges, accepting a plea of guilty to criminal possession of a dangerous drug as a misdemeanor and sentencing petitioner to a conditional discharge.
“ the court : Under the circumstances, I’m going to impose upon him a .sentence of conditional discharge.
11 Now, I don’t know, offhand, the ramifications. I think under these circumstances, he will get credit, but this is a matter for the New York State Parole Commission. ”
Petitioner returned to respondent’s custody on December 4, 1969, and respondent recomputed petitioner’s maximum release *673 date as December 5, 1972, extending the original maximum release date by 11 months and 5 days, the time spent by petitioner in jail on the second charge. Petitioner was advised of this at a Parole Board hearing in early January, 1970. On May 20, 1970, Bussell G-. Oswald, then Chairman, Board of Parole, Executive Department of the State of New York, in reply to petitioner’s earlier May request, advised petitioner he was not legally entitled to the jail time credit he sought. On or about September 16, 1970, petitioner applied for a writ of habeas corpus while at respondent’s correctional facility at Oreen Haven, Stormville, New York, essentially contending what he does in this proceeding, i.e., time spent in jail on the second charges lodged against him should, even though he was not in the custody of respondent, not toll time otherwise credited to him had he not thereby been in violation of his parole under the first conviction. That writ was dismissed on January 22, 1971.
Petitioner brings this special proceeding, asserting through counsel, who according to paragraph 4 of the petition herein, has been counsel for petitioner from ‘ ‘ sometime after September 21, 1970 ”, that “ under existing law, New York Penal Law, Section 70.40(3) (c) in conjunction with McGinnis v. Pollack, 452 F. 2d 833 (2d Cir., 1971), petitioner was entitled to a credit of the full 11 months and 5 days. ”
The respondent alleges in its answer that the petitioner was sentenced properly pursuant to section 70 of the Penal Law, and that the decision of McGinnis v. Pollach (supra) is not in point in the proceeding. The respondent also urges that the same question as raised here was determined in a prior habeas corpus application which was denied.
The court determines that the petition is granted based upon section 70.40 (subd. 3, par. [c]) of the New York Penal Law, in conjunction with McGinnis v. Pollach (supra). The petitioner is entitled to a credit of1 a full 11 months and 5 days and it is determined that he was indigent and not financially able to make bail. And further see paragraph ‘ ‘ first ’ ’ of the answer of respondent which denies the allegation of poverty upon lack of knowledge or information sufficient to form a belief. The respondent now since the Pollach case has the burden to investigate the facts and make a determination as to the truth of such allegation. I see no other means for such determination to be made. Certainly the respondent, in view of the Pollach decision, shall have to adjust its administrative procedures to receive, hear and act on applications, formal or informal, by defendants who are caught within this ‘ ‘ dead time ’ ’ rule, par *674 ticularly when as in this ease Benjamin Blake was indigent and could not make bail. Assuming that he did make bail and was released and respondent exercised its prerogative to revoke his parole ('Correction Law, § 215), then the time served would have been credited to him. As I see it, he lost credit for this time because he could not financially make bail. Perhaps the time served in a local institution may have been less offensive, nevertheless he did serve the time and upon his plea was granted a conditional discharge. He is entitled to equal protection. (McGinnis v. Pollack, supra; United States v. Gaines, 449 F. 2d 143.)
Petition is granted and matter referred to respondent for appropriate action in accordance with this determination.