Commonwealth *v.* Bortner, Appellant.

Argued April 8, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*William J. Rundorff,* First Assistant Public Defender, with him *John J. Regule,* Public Defender, for appellant.

*Robert F. Banks,* First Assistant District Attorney, with him *Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., September 23, 1974:

The appellant, Andrew Bortner was arrested on or about February 22, 1973 in Mahoning County, Ohio, on the basis of two warrants. One warrant was based on a Mahoning County, Ohio, charge of violations of Ohio banking laws. The other warrant was from Mercer County, Pennsylvania, and was issued on the basis of forgery and false pretense charges lodged in that county. While incarcerated in Mahoning County, Bortner was also charged with crimes in Trumbull County, Ohio, for which another warrant was issued.

Subsequently, sometime around June, 1973, the Mahoning County charges were dismissed and appellant was transferred to Trumbull County. After some months there, the Trumbull County charges were dis-

missed by the county grand jury. The appellant, after some unascertainable delays, waived extradition to Pennsylvania on October 2, 1973; on the same day he was lodged in Mercer County jail. On December 17, 1973, Bortner pled guilty to the forgery charge and was sentenced to serve from two to five years imprisonment; the false pretense charge was apparently dropped.

On appeal to this Court, the appellant claims he should be entitled to credit on his Pennslyvania sentence for time served in the Ohio jails. In raising this claim, the appellant relies on two arguments. First, he notes that all Ohio charges were dismissed, and thus maintains that the time served must therefore be credited to his Pennsylvania sentence. Second, he alleges that he could have raised the bail on the two Ohio charges but that he remained in incarceration in Ohio solely because he could not raise the additional funds necessary to provide the bail on the Pennsylvania charges.[1]

In *Commonwealth ex rel. Bleecher v. Rundle,* 207 Pa. Superior Ct. 443, 217 A. 2d 772 (1966) our Court passed upon an analogous claim. Bleecher was held in New York incarceration for some time on separate charges lodged in Montgomery and Delaware Counties, Pennsylvania. No New York charges were involved. Bleecher contested extradition for almost one year from the date of his New York arrest until he finally waived extradition and was taken to Delaware County to answer the criminal charges there. He spent over three months in Delaware County before his acquittal on the charges against him in that County. After this acquittal, Bleecher was taken to Montgomery

---

[1] Bail was set on the Mahoning County charge at $2,500, on the Trumbull County charge at $5,000 and on the Pennsylvania charges at $10,000.

County where he was adjudged guilty of various charges. Our Court held that Bleecher was not entitled to credit the time he served in Delaware County on his Montgomery County sentence, despite the fact that he was acquitted of the charges in the former county.

Were no other factors present, we would hold, on the basis of *Bleecher*, that the appellant cannot receive credit (on his Pennsylvania sentence) for time served in Ohio by reason of separate and distinct offenses prior to the dismissal of all Ohio charges. However, in view of appellant's allegations concerning his ability to meet bail on the Ohio charges, and also, since the record does not reflect the exact date when the final Ohio charges were dismissed, we must remand this case to the lower court for hearing on two issues:

(1.) How much time elapsed between the dismissal of the last Ohio charge and appellant's incarceration in Mercer County, Pennsylvania, and;

(2.) Was or was not the appellant held in jail in Ohio solely because he was unable to secure bail on the Pennsylvania charges.[2]

The appellant should be given credit on his sentence for any time served in Ohio, after the dismissal of all Ohio charges, while he was awaiting extradition to Pennsylvania and if he was detained in Ohio solely by reason of the Pennsylvania charge and not by

---

[2] Although several matters of record indicate appellant's claim of ability to raise bail on the Ohio charges appears spurious, we believe appellant should be given the opportunity to present proof in support of this claim. We note that appellant claimed indigent status in order to secure court appointed counsel at earlier stages in the proceedings and indicated, albeit inconclusively, at a habeas corpus hearing that he lacked the funds to meet the bail on all Ohio charges. Hence, we counsel the lower court to examine carefully the appellant's evidence, if any, of ability to meet the bail set by Ohio authorities.

reason of the separate Ohio charges he should receive appropriate additional credit.

Remanded for proceedings consistent with this Opinion.