OPINION OF THE COURT
Irving A. Green, J.
Petitioner moves by notice of petition and petition for judgment, pursuant to CPLR article 78, directing the respondents to credit petitioner with jail time against the minimum term of his sentence in accordance with subdivision 3 of *384 section 70.30 of the Penal Law, as amended by chapter 648 of the Laws of 1979, effective September 1, 1979, which, so far as here pertinent, reads as follows: "§ 70.30 Calculation of terms of imprisonment. * * * 3. Jail time. The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence. In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court or by the board of parole, the credit shall also be applied against the minimum period. The credit herein provided shall be calculated from the date custody under the charge commenced to the date the sentence commences and shall not include any time that is credited against the term or maximum term of any previously imposed sentence to which the person is subject.”
The petitioner was sentenced, on March 5, 1979, upon conviction of a felony, to one and one-half to three years of imprisonment. Prior thereto, the petitioner was held in custody prior to the commencement of such sentence, as a result of the charge that culminated in the sentence, at the New York City House of Detention for Men at Rikers Island for a period, the petitioner alleges, of 246 days. Such period of preconviction and presentence custody, the petitioner asserts, was the result of his inability to post bail by reason of petitioner’s indigency. The respondents, in their responsive pleading, deny any knowledge or information sufficient to form a belief as to such allegations. However, the respondents had the burden to investigate the facts and make a determination as to the truth of such allegation. (Matter of Blake v New York State Dept. of Correction, 70 Misc 2d 671.) In any event, the probability is too remote that the petitioner would elect to remain in custody at the said facility for a period of 246 days in lieu of bail except as the result of his asserted indigency. The court is satisfied and finds that petitioner was held in custody for the subject period prior to trial and sentence because he was indigent and not financially able to make bail.
Following sentencing, the petitioner was received at the Ossining Correctional Facility (a reception center) on April 2, 1979, and at Mid-Orange Correctional Facility on July 25, 1979. Thus, the pretrial custody, trial and sentence of pe *385 titioner had been completed prior to the effective date of the amendment to subdivision 3 of section 70.30 of the Penal Law.
Before said amendment, subdivision 3 of section 70.30 of the Penal Law provided, so far as here pertinent, as follows: "In the case of an indeterminate sentence, if the minimum period of imprisonment has been fixed by the court, the credit [time spent in custody prior to commencement of sentence] shall also be applied against such portion of the minimum period as exceeds one year.” (Italics supplied.)
The issues raised in this proceeding, therefore, are as follows:
(1) Is the amendment to subdivision 3 of section 70.30 of the Penal Law, effective September 1, 1979, to be applied retroactively so as to afford petitioner credit for the entire amount of time spent in custody prior to the commencement of sentence as a result of the charge that culminated in the sentence? If applied retroactively, the statute, as amended, would require a credit to petitioner against his minimum term of imprisonment of the full period of his custody instead of only that period which exceeds one year. Otherwise, the petitioner contends there is imposed upon him some 93 additional days of imprisonment.
Respondents contend the said amendment to subdivision 3 of section 70.30 of the Penal Law, effective September 1, 1979, is not to be applied retroactively.
The court is constrained to the view of the respondents. Although this court has not found this issue to have been determined by the Appellate Division, Second Department, it has been determined by the Appellate Division, Third Department, in Matter of Boutelle v New York State Bd. of Parole (53 AD2d 397, 399) wherein the court considered an earlier amendment to subdivision 3 of section 70.30 of the Penal Law referable to jail time credit and held: "nothing contained in said amendment indicates a legislative intent that it be applied retroactively and, therefore, we find that it is not relevant to our discussion here.”
In Matter of Yearby v LeFevre (64 AD2d 764, 765) the same court reiterated: "Courts have consistently denied retroactive application of statutes and court decisions where due process claims are made in inmate parole cases”.
Similarly, the amendment under discussion fails to indicate a legislative intent that it be applied retroactively. This court, *386 therefore, determines that the amendment to subdivision 3 of section 70.30 of the Penal Law by chapter 648 of the Laws of 1979 has no retroactive application.
(2) Does the failure of the respondents to credit the petitioner with the entire period of his presentence custody, occasioned by reason of his financial inability to post bail conflict with petitioner’s constitutional right expressed in the equal protection clause of the Fourteenth Amendment? This precise question with respect to subdivision 3 of section 70.30 of the Penal Law does not appear to have been passed upon by the courts either prior or subsequent to its amendment in 1979, although in Matter of Blake v New York State Dept. of Correction (supra, at p 673) the court, in an analogous circumstance, granted the petition "based upon section 70.40 (subd. 3, par. [c]) of the New York Penal Law, in conjunction with McGinnis v. Pollack [452 F2d 833].”
A brief review of the expressions by the Federal courts concerning the constitutional dimension of the question posed on this issue is appropriate. In Tate v Short (401 US 395) the petitioner was imprisoned for failure to pay accumulated fines imposed for traffic violations, which failure was due to petitioner’s inability to pay the fines because of indigency. In reversing such sentence, the unanimous court, inter alla, stated (pp 398-399): "Our opinion in Williams [Williams v Illinois, 399 US 235] stated the premise of this conclusion in saying that 'the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.’ ”
This court views the foregoing expression by the court to apply equally with respect to the statutory minimum placed on imprisonment for any substantive offense.
In McGinnis v United States ex rel. Pollack (452 F2d 833, supra) the United States Court of Appeals, Second Circuit, the court considered petitioner’s complaint that the parole board refused to credit him with time spent in custody by reason of his financial inability to post bail in the fixed amount of $25,000. In affirming the granting of the writ, the court reiterated its holding in Gaines v United States (449 F2d 143, 144) stating, inter alia: "The Supreme Court’s decisions in Tate v. Short, 401 U. S. 395 [91 S.Ct. 668, 28 L.Ed.2d 130] (1971), and Williams v. Illinois, 399 U. S. 235 [90 S.Ct. 2018, 26 L.Ed.2d 586] (1970) indicate that a man should not be kept *387 imprisoned solely because of his lack of wealth. * * * Gaines’ lack of wealth has resulted in his having to serve a sentence that a richer man would not have had to serve, an impermissible discrimination according to Tate and Williams. ”
So, in this case, the application of the statute (Penal Law, § 70.30, subd 3) so as to increase the term of petitioner’s imprisonment due solely to his failure to make bail by reason of indigency is constitutionally impermissible.
Accordingly, judgment may be entered herein directing the respondents to credit petitioner with the full period of his jail time against his minimum term of imprisonment and for respondents’ appropriate action accordingly.
The petition is denied in all other respects.