STATE of Minnesota, Respondent,

v.

Jeffrey Dean MATTSON,
Petitioner, Appellant.

Nos. C2–84–378, C6–84–528.

Supreme Court of Minnesota.

Nov. 8, 1985.

C. Paul Jones, Minnesota State Public Defender, Ann Remington, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis Co. Atty., Kevin O'Connell, Asst. Co. Atty., Duluth, for respondent.

AMDAHL, Chief Justice.

A district court jury found defendant guilty of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(e)(i) (1984) (sexual contact where the defendant uses force or coercion and causes personal injury to the victim). The trial court sentenced defendant to an executed term of 21 months in prison, a durational departure from the 41–month presumptive sentence established by the Sentencing Guidelines for a severity level VII offense when committed by a person with a criminal history score of two.[1] The trial court gave defendant credit for time spent in jail in Minnesota while awaiting trial and also for time spent in a Wisconsin jail pursuant to a parole hold imposed after Wisconsin authorities learned of the Minnesota charges. Defendant appealed the judgment of conviction claiming that the evidence of his guilt was legally insufficient; the state appealed the sentence imposed and the granting of credit for time spent in jail in Wisconsin. The Court of Appeals affirmed the judgment of conviction but increased the sentence from 21 months to 41 months and vacated the credit for time spent in jail in Wisconsin. *State v. Mattson,* 356 N.W.2d 391 (Minn.App.1984), *petition for review granted,* 364 N.W.2d 407 (Minn.1985). We hold that the Court of Appeals acted correctly in affirming the judgment of conviction but erred in increasing the sentence and in vacating the award of credit for time spent in jail in Wisconsin.

■ 1. Defendant's first contention is that the evidence was insufficient to support his conviction of criminal sexual conduct in the second degree.

The state's evidence established that defendant drove his car in front of a chemical dependency treatment center for juveniles, asked the 16-year-old victim, one of two girls sitting on the front steps of the center, for directions, then asked her if she would "do tricks" for him in exchange for drugs. When she refused, defendant grabbed her left wrist and her left breast, causing her to experience pain, and said he wanted to have sexual intercourse with her and wanted a peek at what he would get. Defendant pulled her so that her head and arms were inside the car but she broke loose by jerking back, hitting her head on the top of the window frame in the process. Defendant drove off, but a short time later drove by a number of times looking for the victim. Police were called and stopped defendant. Subsequent examination of the victim revealed that her left breast was bruised as a result of the contact. The victim also experienced soreness in the breast for a few days.

Defendant asserts that the evidence was insufficient to establish sexual contact, force, or personal injury.

(a) Under Minn.Stat. § 609.341, subd. 11 (1984), "sexual contact" includes "intentional touching by the actor of the complainant's intimate parts, or * * * of the clothing covering the immediate area of the intimate parts" if it is done "without the complainant's consent, for the purpose of satisfying the actor's sexual or aggressive impulses." Subdivision 5 defines "intimate parts" as including the "breast of a human being." *Id.,* subd. 5. The evidence was sufficient to establish that defendant touched one of the breasts of the victim through the clothing without her consent; therefore the state met its burden of proving that sexual contact occurred.

(b) Minn.Stat. § 609.341, subd. 3 (1984), defines "force" to mean:

the infliction, attempted infliction, or threatened infliction by the actor of bodily harm or commission or threat of any other crime by the actor against the com-

---

**1.** A sentence consecutive to that of the Wisconsin court could have been imposed because defendant's prior Wisconsin felony conviction arose out of a crime against a person and the sentence had not expired nor been discharged and the current Minnesota conviction was for a crime against a person. Minnesota Sentencing Guidelines and Commentary II.F.01 (1984). The trial judge did not specify whether the Minnesota sentence should be consecutive to, or concurrent with, the Wisconsin sentence. However, failure to specify consecutive sentencing means that the sentence is concurrent. Minn. Stat. § 609.15, subd. 1 (1984).

plainant or another, which causes the complainant to reasonably believe that the actor has the present ability to execute the threat, and also causes the complainant to submit.

Defendant's contention that the state's evidence did not establish that he used force to accomplish the sexual contact is answered by our decision in *State v. Brouillette*, 286 N.W.2d 702 (Minn.1979). There the victim, a 19-year-old woman, entered the bathroom of her dormitory at 3:45 a.m. and discovered the defendant standing combing his hair. Asked what he was doing there, defendant said that he thought it was a men's bathroom. Told that it was not, he approached her, commented on her T-shirt, then grabbed her, turned her around, and touched her buttocks. He then turned her around again and touched her in the groin area. He fled when she began screaming. We held that the sexual contact was accomplished by the use of force. *See also Brouillette v. Wood*, 636 F.2d 215 (8th Cir.1980), *cert. denied*, 450 U.S. 1044, 101 S.Ct. 1766, 68 L.Ed.2d 243 (1981), which, in affirming the Federal District Court's denial of habeas corpus, agreed with our conclusion that the statutory requirement of use of force was established in *Brouillette*.

(c) "Personal injury" is an element of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(e) (1984), but not of criminal sexual conduct in the fourth degree, *id.* § 609.345(c). Defendant asserts that the evidence was not sufficient to support a finding of personal injury and that, accordingly, his conviction should be reduced to criminal sexual conduct in the fourth degree. Under Minn.Stat. § 609.-341, subd. 8, "personal injury" means "bodily harm as defined by section 609.02, subd. 7, or severe mental anguish or pregnancy." Section 609.02, subd. 7, defines "bodily harm" as "physical pain or injury, illness, or any impairment of physical condition." *Id.* § 609.02, subd. 7. Under our cases, the evidence of pain and bruising established in this case has been sufficient to establish personal injury. *State v. DeBaere*, 356

N.W.2d 301 (Minn.1984); *State v. Reinke*, 343 N.W.2d 660 (Minn.1984).

2. Defendant's next contention is that the Court of Appeals erred in increasing his sentence from 21 months to 41 months. The Court of Appeals based the modificaiton on its belief that there was no basis for a downward durational departure by the trial court. Just as an upward durational departure is justified if the defendant's conduct is significantly more serious than that typically associated with the commission of the offense, a downward durational departure is justified if the defendant's conduct is significantly more serious than that typically associated with the commission of the offense, a downward durational departure is justified if the defendant's conduct is significantly less serious than that typically involved in the commission of the offense. *State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984). On the basis of "our collective, collegial experience in reviewing a large number of criminal appeals," *State v. Norton*, 328 N.W.2d 142, 146 (Minn.1982), we are satisfied that the defendant's conduct, although serious, was significantly less serious than that typically involved in the commission of the offense of criminal sexual conduct in the second degree. That being so, we believe that the trial court's downward durational departure was justified and that the Court of Appeals erred in increasing the sentence to the presumptive sentence duration.

3. Defendant's final contention is that the Court of Appeals erred in vacating the award of a credit against sentence for the time spent in jail in Wisconsin.

Minn.R.Crim.P. 27.03, subd. 4(B), mandates that when a criminal sentence is imposed, the trial court shall "assure that the record accurately reflects all time spent in custody in connection with the offense or behavorial incident for which sentence is imposed. Such time shall be automatically deducted from the sentence * * *." *See also* Minn.Stat. § 609.145, subd. 2 (1984); Minnesota Sentencing Guidelines and Commentary III.C; Knapp, Minnesota Sentenc-

ing Guidelines and Commentary Annotated 93–98 (Minn. C.L.E. Press 1985).

 There is no argument but that defendant's incarceration in Minnesota pending disposition of the parole revocation matter was "in connection with" the offense for which sentence was imposed.

It is also beyond question that the Minnesota offense was the sole reason for defendant's Wisconsin incarceration. Decision No. 111250–A, filed by the Wisconsin Office of Administrative Hearings, after defendant's parole revocation hearing, set forth the allegation upon which the revocation was founded:

> It is alleged that on 8–2–83 Jeff Mattson parked outside 2001 West Third Street, Duluth, Minnesota, and asked a young woman for directions. He went on to offer her drugs, propositioned her, and ultimately grabbed her by the wrist and breast, causing scratches and bruises. He has been charged with Criminal Sexual Conduct, 2nd Degree, in St. Louis County Court.

In *State v. Brown*, 348 N.W.2d 743, 748 (Minn.1984), we met a somewhat parallel issue and wrote:

> We see no reason why the rationale of the rule and of our cases should not apply to time spent in jail in another state solely in connection with the offense of sentencing while awaiting extradition to Minnesota for prosecution. The cases that we have found support this view. *See, e.g., State v. Mahler*, 128 Ariz. 429, 626 P.2d 593 (1981); *In Re Watson*, 139 Cal.Rptr. 609, 19 Cal.3d 646, 566 P.2d 242 (1977); *Commonwealth v. Bortner*, 230 Pa.Super. 64, 326 A.2d 622 (1974). The cases are collected at Annot., 77 A.L.R.3d 182, § 16(c) (1977).

We conclude that defendant is entitled to credit for the 3 months and 8 days he was in custody in Wisconsin in addition to the time he was in custody in Minnesota prior to imposition of sentence there.

In summary, we affirm the Court of Appeals' affirmance of defendant's conviction,

but reinstate the original sentence and award of jail credit.

Affirmed as modified.