**STATE of Minnesota, Respondent,**

*v.*

**Leonell ANDERSON, Appellant.**

**No. C1-85-1578.**

Court of Appeals of Minnesota.

Dec. 3, 1985.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, W.M. Gustafson, Nicollet Co. Atty., St. Peter, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

This is a sentencing appeal in which Leonell Anderson seeks: (1) execution of a probationary sentence where the trial court has refused a *Randolph* request on one of four sentences for which appellant was serving probation; (2) credit against all four sentences for time spent in custody between the date his request for sentence execution was made until the hearing on the request was held; and (3) limitations on the financial sanctions that may be imposed as part of his executed prison sentences. We affirm on the assessment of a $100 public defender fee and reverse on all other issues.

## FACTS

Appellant Leonell Anderson pleaded guilty in September 1983 in Nicollet County District Court to four counts of burglary and was sentenced concurrently to one year one day, 21 months, 26 months and 30 months with a stay of execution in all sentences. Probationary conditions included six months in the county jail, $957 in restitution, plus a $20 surcharge for each conviction and $100 reimbursement for public defender services.

Anderson left Minnesota for Wyoming in violation of his probation agreement. Following a revocation hearing in March 1985, an additional financial sanction of $567 was imposed to reimburse Nicollet County for costs incurred in returning him from Wyoming. The court continued Anderson on probation.

Subsequently Anderson, in custody on other matters, wrote to his probation agent on April 1, 1985 asking to have his sentence executed. Nothing happened and he sent another letter on June 3, 1985. Following a hearing on June 24, the trial court ordered execution of the 21, 26 and 30 month probationary sentences with credit for the six months appellant spent in custody as a condition of probation. The court refused execution of the one year one day sentence and continued the 20 year probation.

### ISSUES

1. Is appellant entitled to execution of his one year one day sentence with credit for six months probationary jail time?

2. Is appellant entitled to credit against each of his four executed sentences for time spent in custody since April 1, 1985 when he requested execution of the sentence?

3. Did the trial court err in assessing financial obligations of $100 public defender fee and $567 cost incurred to return him from Wyoming?

### ANALYSIS

1. A defendant does have a right to demand execution of the sentence where, as here, terms of probation are more onerous than the executed sentence.

*State v. Sutherlin,* 341 N.W.2d 303, 305–06 (Minn.Ct.App.1983). In this case, Anderson was going to be in prison locally for one year on additional misdemeanor and gross misdemeanor convictions while his probation, if the sentence were not executed, would continue for another 20 years. Thus, Anderson is justified in requesting that his probationary sentence be executed

and served concurrent with the prison sentence on the additional crimes.

In *State v. Wesenberg,* 348 N.W.2d 117 (Minn.Ct.App.1984), we held that a defendant serving a prison sentence on one felony has the right to demand execution of a prior probationary sentence to comply with Minnesota Sentencing Guidelines presumption of concurrency in sentences. *Id.* at 118. Appellant's request for sentence execution should have been granted.

2. When Anderson first requested execution of his sentence on April 1, 1985, he had violated the terms of his probation by committing a misdemeanor and gross misdemeanor and was being held in the Nicollet County jail. He was in custody as a result of the misdemeanor offenses and a February 7, 1985 order revoking probation.

Minn.R.Crim.P. 27.04, subd. 2(4) provides:

> *Time of Revocation Hearing.* The court shall set a date for the revocation hearing to be held within a reasonable time before the court which granted probation. If the probationer is in custody as a result of the revocation proceedings, the revocation hearing shall be held within seven days.

The test of reasonableness is one of fairness considering all the circumstances. *State v. Compton,* 340 N.W.2d 358, 359 (Minn.Ct.App.1983). In *Compton,* we held that a six month delay between date of signing an arrest and detention order and the date of the revocation hearing was unreasonable where the court knew defendant was in prison on another offense. Therefore defendant was entitled to credit for the time period between his arrest and detention order and the revocation hearing. *Id.* at 360.

Under Minn.R.Crim.P. 27.03, subd. 4(B), a defendant is entitled to credit for, "all time spent in custody in connection with the offense or behavioral incident for which sentence is imposed." The rule does not address the issue whether a defendant who is jailed before trial on two different charges is entitled to credit for that time

against just one sentence. It also does not state precisely what is meant by time spent in jail in connection with the offense or behavioral incident for which sentence is imposed. *State v. Patricelli,* 357 N.W.2d 89, 94 (Minn.1984).

In *Patricelli,* the court credited defendant with time spent in Chisago County jail after the complaint was issued and before arraignment in Washington County. It determined that one of the reasons defendant remained in jail was the Washington County "hold on him." *Id.* Further, the court reasoned that because defendant's sentences were concurrent he should be able to apply the jail time against both of them. *Id.* Cf. *State v. Vaughn,* 361 N.W.2d 54 (Minn.1985) (court refused to allow credit for probationary jail time served in connection with a *prior* conviction for an unrelated offense because jail time was not served "in connection with" the charged offense).

However, in *State v. Dulski,* 363 N.W.2d 307 (Minn.1985), the supreme court held when a criminal defendant is sentenced to a concurrent sentence for an offense committed while on probation, he ordinarily is entitled to receive full credit—against both the current sentence and the sentence for which probation is revoked—for time spent in custody following his arrest for the current offense.

This court has also held that a criminal defendant is entitled to credit for jail time from the date he requested the sentence be executed to the date the sentence is executed. *Sutherlin,* 341 N.W.2d at 306.

■ Although appellant's case is not identical to *Vaughn, Dulski, Sutherlin* or *Patricelli,* it is similar to those where there is some correlation between the imprisonment and the sentence for which he is requesting execution. Since the sentences are concurrent anyway it would be unfair to penalize him for the delay in holding the hearing by not allowing him credit. *See Patricelli,* 357 N.W.2d at 94.

3. Minn.Stat. § 631.48 (1984) provides:

In all criminal actions, upon conviction of defendant, in addition to the punishment prescribed and as a part of the sentence, the court may adjudge that defendant shall pay the whole or any part of the disbursements of the prosecution, and payment thereof may be enforced in the same manner as the sentence, or by execution against property.

■ Anderson, who was an indigent at time of prosecution, was properly ordered to pay the $100 as costs of prosecution. *See State v. Ramstad,* 348 N.W.2d 391 (Minn.Ct.App.1984) (trial court cautioned to make appropriate findings regarding defendant's ability to pay before seeking to collect the costs of prosecution).

■ Appellant argues that there is no authorization in Minnesota statutes for the state's recoupment of costs accrued during probationary supervision for returning him from Wyoming. We agree. There is no authority for the trial court's requirement that Anderson pay $567 in additional costs.

The supreme court defined restitution as "restoring or compensating the victim for his loss." *State v. Fader,* 358 N.W.2d 42, 48 (Minn.1984). The court added, "If the legislature intended the term to be used more loosely, as a form of punitive damages, it should have used some other word or made its particular use of the word clearer." *Id.* Applying the court's reasoning in *Fader,* the trial court erred in requiring appellant to pay this fee. The fee is not "restitution."

Even if the charges are characterized as something other than restitution there is no direct authority to tax appellant for costs incurred in bringing him back from Wyoming. In *State v. Morehart,* 149 Minn. 432, 183 N.W. 960 (1921), the supreme court interpreted the statutory language as allowing only those costs that would have been properly taxable against a defeated party in a civil action and further ruled that the statute could not be used to recoup juror costs or other items or costs normally associated with a trial for a criminal defendant. *See also State v. McCarthy,* 259 Minn. 24, 32–33, 104 N.W.2d 673, 679 (1960).

## DECISION

■ ■ Where terms of probation are more onerous than the executed sentence, a defendant has the right to demand execution of the probationary sentence. Restitution does not include costs of probationary supervision and the trial court erred when it assessed appellant for costs of returning him to Minnesota from Wyoming.

Affirmed in part and reversed in part.