**STATE of Minnesota, Respondent,**

v.

**Michael Dale MAVIS, Appellant.**

No. C9–87–439.

Court of Appeals of Minnesota.

May 19, 1987.

Reviews Granted July 15 and July 21, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. VanHeel, Stearns Co. Atty., Patrick T. Strom, Asst. Stearns Co. Atty., St. Cloud, for respondent.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and MULALLY, JJ.,* with oral argument waived.

## OPINION

HUSPENI, Judge.

While on probation in connection with a Nevada conviction, appellant Michael Mavis was charged with an offense in Minnesota. His parole was revoked, and while imprisoned in Nevada he was extradited to Minnesota and convicted. He was sentenced to imprisonment, but execution was stayed and he was placed on probation. As a condition of probation, he agreed to make restitution for the extradition costs. Nearly two years after his release from the Nevada prison, his Minnesota probation was revoked, and the sentence was executed. He appeals from an order denying a motion to amend the sentence and argues that the court erred in continuing the restitution obligation and in refusing credit for a portion of the time served in the Nevada prison. We affirm in part and reverse in part.

## FACTS

Appellant was convicted and imprisoned in Nevada in 1980 on a robbery charge. He was paroled in 1982 and moved to Minnesota. In May of 1983, a complaint was filed in Stearns County charging him with sale of a controlled substance. The Minnesota parole agent supervising appellant's Nevada parole status requested that Nevada authorities issue a warrant for his arrest. The warrant was issued based on the following parole violations: residence, employment, narcotics, cooperation laws and conduct and the special condition that he maintain steady employment.

Appellant was arrested in Spokane, Washington, and was returned to prison in Nevada. The Nevada Board of Parole Commissioners found him guilty of all parole violations charged except narcotics and cooperation laws and conduct. Parole was revoked.

Appellant submitted a demand for trial to Minnesota authorities, and he later signed a request for disposition pursuant to the Interstate Agreement on Detainers. He was extradited from Nevada and entered a plea of guilty to the charge in Stearns County. He was sentenced to a term of 34 months imprisonment, but execution was stayed and he was placed on probation for five years. A special condition of probation, agreed to by appellant, required him to pay the costs of extradition from Nevada and the cost of returning him to Nevada.

Appellant was released from the Nevada prison in 1984. Nearly two years later, after admitting to his second parole violation, the stay of execution on the sale of a controlled substance charge was vacated by the Stearns County District Court, and appellant was ordered to serve a 34 months prison term. The court continued the restitution obligation.

Appellant moved for amendment of the sentence asking that the restitution obligation be vacated and that he receive credit for the time served in the Nevada prison following his Minnesota conviction. The motion was denied, and appellant filed a notice of appeal.

## ISSUES

1. Is the appeal timely?

2. Did the court err in denying the motion to vacate the portion of the sentence requiring appellant to make restitution for the extradition costs?

3. Did the court err in denying the motion for credit for time served in the Nevada prison?

* Acting as judge of the Court of Appeals by appointment pursuant to Minn.Const. art. 6, § 2.

## ANALYSIS

### I.

■ The State contends that this is an untimely appeal of sentencing. However, appellant is not appealing the initial sentencing or the execution of the sentence. This is an appeal from a February 3, 1987, order denying a motion to amend the sentence. Rule 28.02, subd. 4(3) provides that notice of appeal of such an order must be filed within 90 days. Consequently, the appeal is timely.

### II.

■ Appellant argues that the trial court erred in denying the motion to amend the sentence by vacating the obligation to make restitution for extradition costs. He cites *State v. Anderson*, 378 N.W.2d 632 (Minn.Ct.App.1985) in support of his argument that the trial court lacked authority to continue the obligation. The *Anderson* court ruled that the trial court had no authority to order that the appellant pay costs of extradition. *Id.* at 635. In this case, appellant was not ordered to pay extradition costs. As the trial court stated in denying the motion to amend the sentence:

> As part of the plea agreement, [appellant] has agreed to pay the restitution costs of his extradition to and from Minnesota. This Court is simply continuing the terms of the plea to which [appellant] agreed to be bound.

Although this case is distinguishable from *Anderson*, we conclude that the trial court erred in enforcing this condition of probation when the probation itself ceased to exist. Requiring restitution in addition to imprisonment is markedly different from the plea agreement entered into by appellant. In continuing the restitution obligation when executing the sentence, the court was not merely continuing the terms of the plea agreement. Nor was it executing the previously imposed sentence. Rather, the court significantly altered the sentence. Therefore, we conclude that appellant's restitution obligation ceased when probation ceased and the sentence was executed.

### III.

■ In denying credit for a portion of the time appellant served in the Nevada prison, the trial court stated:

> Under Minnesota case law, a defendant charged with a crime in Minnesota and held in custody in another state at the request of Minnesota authorities is not entitled to credit against a Minnesota sentence for time in custody in the other state unless the Minnesota charge was the sole reason for the detention by the other state. *State v. Willis*, 376 N.W.2d 427 (Minn.1985). In the case at bar, [appellant's] Nevada parole was revoked because he violated residence and employment regulations, reasons completely unrelated to his Minnesota offense. The Minnesota charge, then was not the sole reason for Nevada's detention of [appellant], and [appellant] is therefore not entitled to credit for time spent in custody in Nevada.

The trial court correctly applied the *Willis* decision, which recognizes that credit for time spent in jail in another state should be given only if the time served is exclusively connected with the Minnesota offense. That is not the case here. *State v. Willis*, 376 N.W.2d 427, 428 (Minn.1985).

Appellant concedes that under *Willis* the court is not required to award credit for a portion of the time served in Nevada. However, he argues that it is only fair that he be given credit because at sentencing the court viewed the Nevada prison time as the functional equivalent of jail time that the court would normally impose as a condition of probation. This argument centers on the court's comment at sentencing that:

> Inasmuch as * * * you have received substantial custodial time in another state, I don't feel any particular urgency or need to require that you be imprisoned in the State of Minnesota since you intend to, upon release from the Nevada authorities, as I understand it, go back to the State of Washington * * *.

In making that comment, the trial court was addressing a situation quite different from that addressed when the sentence was executed. At the time execution of the Minnesota sentence was stayed, the issue was whether the trial court felt an

urgency to require a period of imprisonment in addition to probation. The court felt no such urgency. However, circumstances had changed by the time the court executed the sentence. Nearly two years had passed since appellant's release from the Nevada prison, during which time he had twice violated the terms of his probation in Minnesota. Under these circumstances, the lack of urgency to impose imprisonment that the trial court had noted earlier no longer existed. As a result, fairness to appellant does not require that the trial court be bound by a comment made at the time execution of sentence was stayed or that appellant be given credit for a portion of the time he served in the Nevada prison.

## DECISION

The trial court erred in continuing the restitution obligation, but properly refused credit for a portion of the time served in the Nevada prison.

Affirmed in part and reversed in part.