STATE of Minnesota, Respondent,

v.

Michael Dale MAVIS,
Petitioner, Appellant.

No. C9–87–439.

Supreme Court of Minnesota.

Aug. 7, 1987.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger S. Van Heel, Stearns Co. Atty., Patrick T. Strom, Asst. Stearns Co. Atty., St. Cloud, for respondent.

AMDAHL, Chief Justice.

The issue on this criminal appeal is whether one effect of the revocation of the probation of defendant Michael Dale Mavis is that he may renege on a promise he made, as part of a guilty plea agreement, to pay extradition costs. The court of appeals held that he need not pay the costs. *State v. Mavis*, 405 N.W.2d 547 (Minn.App. 1987). We hold that Mavis is obliged to pay the costs.

Defendant, while in prison in Nevada on a parole revocation, filed a demand for a speedy trial with Minnesota authorities, who had filed a detainer against him. He was returned to Minnesota for prosecution on a drug charge. As part of an agreement to plead guilty, defendant agreed to pay the costs of returning him to Minnesota for trial and of sending him back to Nevada, an amount of just over $2,000. In exchange, the trial court did not impose any jail time as a condition of probation, something that the trial court said it would have done but for the plea agreement. This was in January of 1984. In 1986, when probation was revoked in Minnesota and sentence executed after defendant violated the conditions of his probation, the trial court refused to release defendant from his obligation to pay for the cost of being brought to Minnesota for prosecution back in 1984.

In his appeal to the court of appeals, defendant relied on a court of appeals' case holding that there is no statutory authority for the trial court to order a defendant to reimburse the state for the costs of extradition. *State v. Anderson*, 378 N.W.2d 632 (Minn.App.1985). The court of appeals agreed with the state that this case is distinguishable from *Anderson* on the ground that in this case the defendant agreed as part of a plea bargain to reimburse the state for the costs of extradition. *State v. Mavis*, 405 N.W.2d 547, 549 (Minn. App.1987). However, the court concluded that once the probation was revoked and prison sentence executed, petitioner's obligation to pay the costs of extradition ceased. *Id.*

We believe that the court of appeals erred in this conclusion. Before the 1984 amendments to Minn.Stat. § 609.10, a trial court ordinarily could not sentence a defendant to make restitution but under section 609.185 could make the payment of restitution a condition of probation. However, we held in a number of cases that a criminal defendant, as part of a plea bargain, could bind himself to make restitution and that such an agreement was enforceable even if the defendant was given an executed prison sentence. *See State v. Wentz*, 343 N.W.2d 667 (Minn.1984); *State v. Moore*, 340 N.W.2d 671, 674 (Minn.1983). Under those cases, if a defendant placed on probation was ordered to make restitution, the restitution requirement would survive the revocation of probation if the restitution requirement was based on an agreement made by the defendant as part of a plea bargain.

We believe that the principle underlying our decisions in *Wentz* and *Moore* should control, that a defendant who promises to pay costs such as these as part of a favorable guilty plea agreement should not be allowed to renege on his promise when probation is later revoked.

Reversed and decision of trial court reinstated.